# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SUPERIOR BEVERAGE GROUP, LTD. | ) ) ) | CASE NO. 4:10CV1971 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| THE WINE GROUP, INC., et al., | ) ) ) ) | |
| DEFENDANTS. | ) | |

On September 3, 2010, Plaintiff Superior Beverage Group ("Plaintiff" or "Superior Beverage") filed its action against Defendants, The Wine Group, Inc. ("TWG") and Dayton Heidelberg Distributing Co. ("Heidelberg"), in the Mahoning County Common Pleas Court. (Doc. No. 1, Notice of Removal, Compl.) On that same day (September 3, 2010), Defendants removed the action to this Court on the ground of diversity, pursuant to 28 U.S.C. § 1441. In the Notice of Removal, Defendants acknowledge that both Plaintiff and Defendant Heidelberg are citizens of Ohio. (Notice at ¶¶ 9-10.) Nonetheless, Defendants insist that Defendant Heidelberg's presence in this lawsuit does not defeat federal diversity jurisdiction because Heidelberg was fraudulently joined. (*Id*. at ¶ 11.)

Before the Court is Plaintiff's motion to remand. (Doc. No. 5.) In its motion, Plaintiff maintains that the parties in this case are not diverse and therefore subject matter jurisdiction is lacking. Defendants oppose the motion, noting that the

Court can sever the non-diverse Defendant because it is a dispensable party. (Doc. No. 6.) For the reasons set forth herein, Plaintiff's motion to remand is **GRANTED.**

**Background**

The facts are not in dispute. Superior Beverage is a distributor of alcoholic and non-alcoholic beverages in the State of Ohio, with its principal place of business in Mahoning County, Ohio. (Compl. at ¶¶ 1- 2.) TWG is a California-based manufacturer of alcoholic and non-alcoholic beverages, and utilizes the services of Superior Beverage and other distributors to import and sell its beverages in the State of Ohio. (*Id.* at ¶ 3-4.) Heidelberg is also a distributor of beverages and spirits in the State of Ohio, with its principal place of business in Dayton, Ohio. (*Id.* at ¶ 5-6.)

Since as early as May 15, 2006, Superior Beverage has been the exclusive distributor for various TWG brands of wine and other alcoholic beverages in multiple counties in the State of Ohio. There is no dispute that this activity established the existence of a franchise relationship between Superior Beverage and TWG, pursuant to Ohio Rev. Code § 1333.83.

On July 2, 2010, TWG sent a letter to Superior Beverage purporting to terminate Superior Beverage's franchise, effective September 6, 2010. (*Id.* at ¶ 23, Ex. H.) In the letter, TWG explained that "it is in the best interest of [TWG] to consolidate all brands owned, licensed and/or imported by [TWG] and Superior Beverage Group with one distributor in the State of Ohio." (*Id.*) The letter identified Heidelberg as the distributor that would assume responsibility for the territory previously covered by Superior Beverage.

On September 3, 2010, Superior Beverage brought suit in state court to block the dissolution of its franchise with TWG. Count One of Superior Beverage's Complaint seeks an injunction to enjoin TWG from awarding Superior Beverage's franchise rights to Heidelberg. Count Two seeks a declaration that TWG's attempts to dissolve Superior Beverage's franchise violate the Ohio Alcoholic Beverages Franchise Act (the "Act") Ohio Rev. Code §§ 1333.83 et seq. Count Three alleges that Heidelberg would be unjustly enriched if it is allowed to assume Superior Beverage's franchise rights. Simultaneously with the filing of the Complaint, Superior Beverage also filed a motion for a temporary restraining order and/or preliminary injunction.

That same day (September 3, 2010), the state court conducted a hearing on the motion for a TRO/preliminary injunction. Counsel for Defendants TWG and Heidelberg participated in the hearing. At the conclusion of the hearing, the trial court took the motion under advisement. Still on September 3, 2010, and while the state judge was considering the motion, Defendants removed the action to this Court. Following the removal, the state court granted the motion, enjoining the dissolution of the franchise.[1]

**Standard**

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction. *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). The court must give "due

---

[1] The state court lost jurisdiction of the matter before it ruled on the motion. It would appear that the ruling was issued in the event that the case was remanded.

regard" to the power reserved to the states under the Constitution to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The defendant seeking removal bears the burden of proving the court's jurisdiction. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

**Analysis**

The basis for federal jurisdiction in this matter is diversity. When an action is removed on diversity, the court must determine whether complete diversity exists at the time of removal. "Indeed, 'diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side.'" *Coyne*, 183 F.3d at 492 (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).

However, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *Id.* at 493 (citing *Alexander,* 13 F.3d at 949). To establish fraudulent joinder, the removing party "must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Coyne*, 183 F.3d at 493. "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the court] must remand the action to state court." *Id*. Again, all doubts are resolved in favor of remand. *Id.*

4

Defendants argue that Superior Beverage cannot recover against Heidelberg under the Act because the Act only provides for recovery against a manufacturer, and does not provide for an independent cause of action by a terminated distributor against a successor distributor to whom a franchise has been awarded. Superior Beverage insists, however, that Heidelberg is a necessary party in this action because it seeks declaratory relief. Superior Beverage has the better argument.

Ohio's Declaratory Judgment Act provides that "all persons who have or claim any interest that would be affected by the declaration *shall* be made parties to the action or proceeding." Ohio Rev. Code § 2721.12(A) (emphasis added). It further provides that "a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding." *Id.* "[T]he absence of an interested and necessary party 'constitutes a jurisdictional defect which precludes the court from properly rendering a declaratory judgment.'" *Cincinnati v. Whitman*, 44 Ohio St. 2d 58, 59 (1975) (quoting *Zanesville v. Zanesville Canal & Mfg. Co.*, 159 Ohio St. 203, syllabus at ¶ 3 (1953)). *See Bretton Ridge Homeowners Club v. DeAngelis*, 51 Ohio App. 3d 183, 185 (Ohio Ct. App. 8th Dist. 1988).

In *Gannon v. Perk*, 46 Ohio St. 2d 301 (1976), policemen and firefighters sought a declaration that a city could not legally lay off any police officers and firefighters until all temporary employees had been removed from the city's payroll. In reversing, in part, and remanding the action, the court found that the temporary employees, who were not named as defendants in the action, were necessary because:

> It [was] obvious that any such declaration would adversely affect the interest of the temporary employees involved in keeping their jobs. The interest of the temporary employees in the instant litigation is thus readily

5

> apparent. Equally apparent is the prejudice which has ensued to these temporary employees in their absence as parties to the instant action. All such temporary employees were effectively "laid-off" by the order of the Court of Common Pleas.

*Gannon*, 46 Ohio St. 2d at 311. Similarly, in *Ohio Ass'n of Pub. Sch. Employee Local 4 v. Canton City School Dist. Bd. of Educ.*, the court found that a judgment blocking the appointment of an individual who was expected to be appointed to a certain position over other candidates who were on the approved promotion list was void because the anticipated appointee was not joined as a defendant. *Ohio Ass'n of Pub. Sch. Employees Local 4*, 1996 Ohio App. LEXIS 695, at *10 (Ohio Ct. App. 5th Dist. Feb. 12, 1996). In so ruling, the court noted that this would-be employee "had a claim or interest that would be affected by the prayer for relief." *Id* .at *10.

Here, any declaration as to the legality of the purported dissolution of Superior Beverage's franchise agreement will affect the interest of Heidelberg, who stands to profit if the dissolution is allowed to go forward but will lose a very real business opportunity if the dissolution is halted. As such, the Court finds that Heidelberg is an interested and necessary party to the proceeding, and that the joinder of Heidelberg was proper. *See, e.g., Bretton Ridge Homeowners Club*, 51 Ohio App. 3d at 185 (In declaratory judgment action brought under Ohio Rev. Code § 2721.12(A) by homeowner's association action against certain landowners for failure to pay association fees, the trial court's judgment was void because non-party landowners were affected by the ruling on the legality of the fees in question). Moreover, because Heidelberg is a

necessary party, the Court cannot find that its joinder in this action was fraudulent.[2] *See, e.g., PolyOne Corp. v. Nat'l Union Fire Ins. Co.*, 2008 U.S. Dist. LEXIS 106965 (N.D. Ohio Oct. 14, 2008) (no fraudulent joinder where party's presence in declaratory judgment action under Ohio Rev. Code § 2721.12 was required); *Milennium Chems., Inc. v. Lumbermens Mut. Cas. Co.*, 2001 U.S. Dist. LEXIS 20974, at *14-17 (N.D. Ohio Mar. 13, 2001) (excess insurers were not fraudulently joined in Ohio Declaratory Judgment Act action where there was a "colorable basis" for predicting that plaintiff would recover in its action for declaratory relief against the excess insurers). This reason, alone, mandates that the case be remanded.

Defendants also argue that Superior Beverage cannot assert a colorable claim against Heidelberg for unjust enrichment because, as of yet, no benefit has been conferred upon Heidelberg. Defendants note that Heidelberg cannot begin selling TWG's brands in Superior Beverage's stead until TWG files the necessary paperwork with the State of Ohio. The Court is not persuaded by this argument. While there may be a condition precedent to Heidelberg assuming Superior Beverage's distribution duties (i.e., the filing of paperwork with the State), there is no reason to believe that TWG's request

---

[2] The clear dictates of Ohio's declaratory judgment statute also dispense with Defendants' argument that Heidelberg was fraudulently joined because the Court could afford complete relief to Plaintiff without Heidelberg's presence in the case. The Declaratory Judgment Act requires Heidelberg to participate as a party "who ha[s] an interest that would be affected by the declaration […]." Ohio Rev. Code § 2721.12. As such, this Court could not render a valid judgment without Heidelberg. *See, e.g., Gannon*, 46 Ohio St. at 311-312; *Ohio Ass'n of Pub. Sch. Employees Local 4*, 1996 Ohio App. LEXIS 695, at *10. Likewise, the Court is not persuaded by Defendants' argument that Plaintiff is estopped from maintaining that Heidelberg is a necessary party because Plaintiff had previously argued, in another matter, that there is no private cause of action for a distributor who is terminated. There are at least two reasons why this argument fails. First, the other matter in question involved a distributor who had been terminated by a successor manufacturer, something statutorily permitted under Ohio Rev. Code § 1333.85(D). (*See* Doc. No. 7, Ex. 2 at 6.) There is no allegation that TWG is a successor manufacturer, and this case is not brought under § 1333.85(D). Second, and more importantly, the presence of necessary parties is jurisdictional, and cannot be waived. *Gannon*, 46 Ohio St. at 310-311.

to change distributors will be denied by the State.[3] As such, it cannot be said that Heidelberg's interest is speculative. *Contrast Firelands Reg'l Med. Ctr. v. Jeavons,* 2008 Ohio App. LEXIS 4234, at ¶ 33 (Ohio Ct. App. 6th Dist. Sept. 30, 2008) (damages in medical patient's unjust enrichment claim against hospital were speculative where the patient had failed to pay any portion of her medical bill and no class of patients had even been established). The presence of this claim provides a second, separate justification for remand.

Superior Beverage also seeks to recover costs and attorney's fees associated with the preparation of its motion to remand. Section 1447(c) of Chapter 28 of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, court may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060-61 (6th Cir. 2008). "Imposition of costs pursuant to this provision is within the district court's discretion." *Anderson v. Phila. Suburban Deve. Corp.*, 322 F. Supp. 2d 582, 587 (E.D. Pa. 2004). *See Martin*, 546 U.S. at 141. While Defendants' arguments ultimately failed to keep this action in federal court, Defendants reasonably, albeit erroneously,

---

[3] Defendants concede that approval by the State would be forthcoming in a matter of weeks, noting that "it would likely take two to three weeks for the State to approve the newly submitted forms." (Doc. No. 7 at 4.)

relied on Ohio state law decisions in removing. They, therefore, had an objectively reasonable basis for seeking removal. Consequently, the Court will not require Defendants to reimburse Plaintiff for its fees and costs. *See, e.g., Dall v. Albertson's Inc.*, (district court did not abuse its discretion in denying fees under § 1447(c) where it was objectively reasonable, though ultimately improper, for employers to rely on Labor Management Relations Act § 301 to invoke federal jurisdiction); *Arnold v. Baxter Healthcare Corp.*, 609 F. Supp. 2d 712, 719 (N.D. Ohio 2009) (attorney's fees under § 1447(c) were inappropriate where defendant "present[ed] an objectively reasonable basis for seeking removal"—a Supreme Court decision); *Vetro, Inc. v. Active Plumbing & Heating, Inc.*, 403 F. Supp. 2d 1003, 1040 (D. Col. 2005) (citing *Martin*, 546 U.S. at 141) (request for fees denied where defendant had an "objectively reasonable basis" for removing the case).

Accordingly, the Court concludes that removal of this case was improper and Plaintiff's motion to remand is **GRANTED**, and Plaintiff's request for an award of costs and fees upon remand is **DENIED**.

**IT IS SO ORDERED**.

Dated:  September 16, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**